**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 05 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZHERCUMERC R. BARTOLO, | No. 07-73711 |
| Petitioner, | Agency No. A097-869-008 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 1, 2012**
Pasadena, California

Before: LEAVY and WARDLAW, Circuit Judges, and SESSIONS, District
Judge.***

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable William K. Sessions, III, District Judge for the U.S.
District Court for Vermont, sitting by designation.

1

Zhercumerc Bartolo petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the procedural validity and substantive correctness of an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, relief under the Convention Against Torture (CAT), and voluntary departure. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition and remand to the Board with instructions.

Bartolo, who suffers from serious mental illness, was ordered removed following a hearing from which the Immigration Judge ("IJ") excluded him out of concern that he might disrupt the proceedings or cause an "incident" due to his illness. Once Bartolo was outside of the courtroom, Bartolo's counsel withdrew most of the grounds for asylum presented in Bartolo's application, asserting that he "d[idn't] believe" that these grounds in fact formed a valid basis for relief. Although Bartolo had sought voluntary departure as an alternative, his counsel informed the IJ that he did not believe Bartolo was capable of making a request for or complying with an order granting voluntary departure. Bartolo was not present during his counsel's statements, and the IJ did not even inquire as to whether Bartolo had consented to have his asylum claims or his request for voluntary departure withdrawn.

We review *de novo* Bartolo's claim that he was denied due process in his removal proceeding. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006). "The BIA's decision will be reversed on due process grounds if (1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Id.* at 620-21 (internal citations and quotation marks omitted). Here, Bartolo was absent from the hearing and no one testified on his behalf or presented fully developed arguments for relief.[1] As the BIA has recognized, "there are a number of safeguards available to Immigration Judges" to protect the rights of mentally incompetent individuals, including "docketing or managing the case to facilitate the respondent's ability to obtain . . . medical treatment in an effort to restore competency; participation of a guardian in the proceedings; continuance of the case for good cause shown . . . [or] actively aiding in the development of the record, including the examination and cross-examination of witnesses . . . ."

---

[1] The government raised the possibility of a due process issue at the hearing before the IJ. Government counsel stated that "there would also be a possible due process issue if [Bartolo] does not testify . . . I don't know if we can have a proper record if he does not testify under the case law," and expressed concern that if Bartolo were to appeal "he could argue that he did not get the opportunity to testify and it would be remanded back to the [c]ourt."

*Matter of M-A-M-* 25 I. & N. Dec. 474, 483 (2011). Here, the IJ failed to take adequate steps to safeguard Bartolo's due process rights or to "articulate his . . . reasoning for the decision" not to pursue further safeguards, as the BIA's own precedent requires. *Id.*

Furthermore, we "may infer prejudice in the absence of any specific allegation as to what evidence [Bartolo] would have presented . . . had he been provided the opportunity to present that evidence." *Agyeman v. INS*, 296 F.3d 871, 885 (9th Cir. 2002). Here, Bartolo did not have an opportunity to present evidence in support of his claims for relief, as the IJ allowed Bartolo to be excluded from the hearing, permitted his counsel to waive most of the grounds for his asylum application, and did not hear any testimony on Bartolo's behalf, instead denying his application on the basis of a paltry documentary record.[2] We conclude that these failures prejudiced Bartolo's prospects for relief.

---

[2] We note that the individual attorney who represented Bartolo at the hearing before the IJ has since been suspended from the practice of law. *See Attorney Search: Ivan Pedro C. Porto - #129629*, THE STATE BAR OF CALIFORNIA, http://members.calbar.ca.gov/fal/Member/Detail/129629 (last visited Oct. 23, 2012). Bartolo's counsel represented at oral argument that Mr. Porto is no longer employed by the law firm that represents Bartolo, but other attorneys from the same firm continue to represent him. This may explain the absence of any claim of ineffective assistance of counsel based on the Fifth Amendment.

Because we conclude that Bartolo's right to due process was violated at his removal hearing and that he has adequately demonstrated prejudice, we do not reach the BIA's decision on the merits of Bartolo's claims for asylum, withholding of removal, or CAT relief. Rather, we remand to the BIA with instructions to vacate the order of removal and remand to the IJ for a new, due process-compliant hearing to develop the record.

The government has recently moved for remand to the BIA for the purpose of administratively closing the proceedings against Bartolo. That motion is denied as moot. Nonetheless, if the government continues to believe that administrative closure is appropriate, nothing prevents the BIA from administratively closing the case on remand. If proceedings do resume, however, a new hearing before an IJ would be required to satisfy due process.

**Motion to Remand for Administrative Closure DENIED as Moot; Petition for Review GRANTED; REMANDED** with instructions.